UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

No. 23-7035
(1:23-cv-00677-CRC)

_____

SHUNTAY BROWN,                                                                          Appellant,

    v.

RISING STAR ENTERPRISES, LLC,                                              Appellee.

**APPELLEE RISING STAR ENTERPRISES, LLC'S MOTION TO DISMISS THE APPEAL FOR LACK OF APPELLATE JURISDICTION OR, IN THE ALTERNATIVE, FOR SUMMARY AFFIRMANCE**

Appellee Rising Star Enterprises, LLC, by counsel and under Rule 27 of the Federal Rules of Appellate Procedure and Rules 27 and 32 of the Circuit Rules of the United States Court of Appeals for the District of Columbia Circuit, respectfully moves this Court to dismiss this appeal for lack of appellate jurisdiction or, in the alternative, to summarily affirm the ruling below and remand for further proceedings.

This appeal results from the transfer of the District Court action from the U.S. District Court for the District of Columbia to the U.S. District Court for the District of Maryland, Southern Division. Appellant Shuntay Brown commenced this appeal challenging the D.C. District Court's decision to transfer this case,

1

raising numerous contentions concerning the propriety of this transfer. Appellee Rising Star Enterprises, LLC respectfully moves to dismiss this borderline frivolous appeal because neither an order transferring the case to another district nor an order denying a motion for default judgment is appealable. In the alternative, Rising Star respectfully moves for summary affirmance, since the decision Appellant challenges below granted him the relief he specifically requested.

## **PROCEDURAL HISTORY**

The Appellant commenced this personal injury and public accommodation discrimination action in February 2023 by filing a lawsuit in the Superior Court of the District of Columbia. Rising Star removed the matter to the U.S. District Court for the District of Columbia on March 13, 2023. That same day, it sought an extension of time to respond to the complaint and opposed the Appellant's motion for default judgment, which had been filed in the Superior Court. Shortly thereafter, the Appellant asked that the matter be transferred to the District of Maryland. Rising Star consented to the transfer motion. The District Court extended Rising Star time to respond to the complaint, denied the motion for default judgment, and granted the motion to transfer the action to Maryland.

This appeal followed. Appellant seeks to appeal the transfer order by suggesting that the District Court erred by failing to apply something called the

2

"'Choice of Law Rule' in the Transfer order under 28 U.S.C. [§] 1404(a) pursuant to Ferens v. John Deere Co." and whether the District Court lacked personal jurisdiction over Rising Star concerning his "motion to vacate default judgment pursuant to *International Shoe Co. v. Washington*, 326 U.S. 310 (1945)." *See* Statement of Issues to Be Raised and Certificate as to Parties, Rulings, Related Cases and Underlying Decision, Doc. No. 1993536 (filed April 5, 2023).

## **STANDARD OF REVIEW**

Since the federal courts are of limited jurisdiction, the Court has the obligation at every stage of the proceeding to satisfy that it has jurisdiction to hear the pending matter. *See Attias v. CareFirst, Inc.*, 969 F.3d 412, 416 (D.C. Cir. 2020). This Court has jurisdiction over final decisions of the district courts, *see* 28 U.S.C. § 1291, and certain interlocutory orders. *See* 28 U.S.C. § 1292(a)(1). "A decision is final only if it 'ends the litigation on the merits and leaves nothing to for the court to do but execute the judgment.'" *Cincinnati Ins. Co. v. All Plumbing, Inc.*, 812 F.3d 153, 156 (D.C. Cir. 2016) (quoting *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521–22 (1988)).

Summary affirmance is appropriate where "[t]he merits of the parties' positions are so clear as to warrant summary action," and "no benefit will be gained from further briefing and argument of the issues presented." *Taxpayers Watchdog, Inc. v. Stanley*, 819 F.2d 294, 297, 298 (D.C. Cir. 1987).

# ARGUMENT

This appeal must be dismissed because the Court lacks jurisdiction over it. The order transferring the action to Maryland and denying the Appellant's motion for default judgment is not "final" under 28 U.S.C. § 1291, requiring the dismissal of this appeal and remand to the District Court. Even if the Court had jurisdiction over this appeal, summary affirmance is proper because the Appellant challenges an order granting him the affirmative relief he sought. This Court should not review the District Court's non-merits procedural decisions but instead should remand this case to the District Court to be litigated in the first instance.

1. **Motion to Dismiss Appeal for Lack of Appellate Jurisdiction**

The Appellant challenges the Court's Order transferring this matter to the federal court in Maryland and whether "the District Court lacked personal jurisdiction over defendant Rising Star Enterprise [*sic*] LLC" when denying his motion for default judgment. Neither constitutes a final order.

An order transferring venue is not final because it does not dispose of any claim on its merits: it simply changes where the proceedings take place. *See* 28 U.S.C. 1404(a); *Van Cauwenberghe*, 486 U.S. at 528 (denial of *forum non conveniens* dismissal not appealable); *see also In re Grant*, 635 F.3d 1227, 1228 (D.C. Cir. 2011) (citing *Ukiah Adventist Hosp. v. FTC*, 981 F.2d 543 (D.C. Cir. 1992)). And while the transferor court no longer has any further obligation

concerning the transferred case, the transferee court does not. The transfer order adjudicates nothing concerning the Appellant's claims or Rising Star's defenses.

Further, the Appellant suggests the District Court erred by failing to consider the "Choice of Law Rule" in its transfer order. It is unclear what rulings the Appellant believes encompass this issue, as the District Court made no finding concerning which state's laws governed the Appellant's claims. *See* Exhibit 1, March 21, 2023 Order. What law applies to which claim has not been adjudicated in the District Court. *See Singleton v. Wulff*, 428 U.S. 106, 120 (1976) ("It is a general rule . . . that a federal appellate court does not consider an issue not passed upon below."); *District of Columbia v. Air Florida, Inc.*, 750 F.2d 1077, 1084 (D.C. Cir. 1984) ("Decisions in this Circuit have consistently followed a practice of dismissing appeals brought on grounds not asserted in the trial court"). The Appellant's motion to transfer did not mention the "Choice of Law Rule" and did not ask the District Court to make any ruling on which law applies to his claims. *See* Exhibit 2, Motion to Transfer. Because this is "a court of review, not of first view," *Cutter v. Wilkinson*, 544 U.S. 709, 718 n.7 (2005), the District Court should resolve whatever conflict-of-laws dispute in the first instance.

Similarly, an order denying a motion for default judgment is not a final appealable order. *See McNutt v. Cardox Corp.*, 329 F.2d 107, 108 (6th Cir. 1964); *Estate of Botvin ex rel. Ellis v. Islamic Repub. of Iran*, 772 F. Supp. 2d 218 (D.D.C.

5

2011) (citing *Adult Film Ass'n of Am., Inc. v. Thetford*, 776 F.2d 113, 115 (5th Cir. 1985)); *but see Gates v. Syrian Arab Repub.*, 646 F.3d 1 (D.C. Cir. 2011) (entertaining appeal of default judgment). "[S]trong policies favor the resolution of genuine disputes on their merits," *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980), so the denial of a motion for default judgment necessarily presupposes that there are unresolved issues requiring adjudication on the merits. *See Cunningham v. Hamilton Cnty., Ohio*, 527 U.S. 198, 204 (1999). The order denying the Appellant's motion for default judgment allows the case to proceed on its merits. Thus, there is no final order from which this appeal lies. *See* 28 U.S.C. § 1291.

The Appellant also suggests that the District Court erred in finding that it could not exercise personal jurisdiction over Rising Star. The issue of whether Rising Star could be subject to personal jurisdiction in the District of Columbia was never decided in the District Court, let alone briefed or argued. *See* Exhibit 1, March 21, 2023 Order. While Rising Star raised this personal jurisdiction issue as one of several bases for denying the motion for default judgment, the District Court did not *dismiss* the action for want of personal jurisdiction. Instead, the District Court exercised its discretion and simply denied the motion for default judgment. *See Jackson*, 636 F.2d at 835. The issue of whether the District of Columbia courts can exercise jurisdiction over Rising Star under the District's Long-Arm Statute and without offending Rising Star's due process rights by

6

*International Shoe Co. v. Washington*, 326 U.S. 310 (1945) was neither decided nor essential to the decision of the District Court's denial of the motion for default judgment. *See* Exhibit 1. An appeal cannot be had of a decision not rendered.

Lastly, the District Court did not certify any interlocutory order concerning any of the issues the Appellant has raised in this appeal. *See* 28 U.S.C. § 1292(a)(1). Nor did the Appellant even ask the District Court to do so. Since the order, the Appellant challenges is not a final order, and since none of the exceptions to the general rule that appeals from final orders apply to the order challenged in this appeal, this Court cannot exercise jurisdiction over this appeal. This Court is neither authorized nor equipped to review every decision the District Court renders at each stage in the litigation. Accordingly, this appeal must be dismissed, and this case must be remanded to the District Court.

2. **Motion for Summary Affirmance**

Assuming the Court finds that it has jurisdiction over this appeal, Rising Star nevertheless seeks summary affirmance. Assuming a decision granting a motion to transfer venue can be decided on appeal, this Court should summarily affirm the District Court's grant of a consent motion. The Appellant should be estopped from inviting error, as he specifically requested that the District Court transfer this case from the federal court in the District of Columbia to its sister court in Maryland.

After the Appellant asked the District Court to transfer this case to Maryland, Rising Star indicated that consented to the motion to transfer. The District Court obliged. *See* Exhibit 1, Order. "That one will not be heard to complain of receiving what one asked for has a long tradition both in jurisprudence, as in the doctrine of estoppel, and in common wisdom." *United States v. Harrison*, 103 F.3d 986, 992 (D.C. Cir. 1997) (citing Seneca, *Epistles*, 95 ("Do not ask for what you will wish you had not got")). If the Appellant did not want the case transferred to Maryland, he should not have asked the District Court to transfer the case to Maryland.

## **CONCLUSION**

The District Court correctly granted the Appellant's motion to transfer venue and correctly denied his motion for default judgment, so this Court should dismiss this appeal for lack of appellate jurisdiction and remand the matter to the United States District Court for the District of Columbia. In the alternative, the District Court's order should be summarily affirmed, and this case should be remanded.

\* \* \* \* \*

                          Respectfully submitted,

April 21, 2023　　　　　　　　　　　RISING STAR ENTERPRISES, LLC

                          By Counsel


<u>/s/ W. Benjamin Woody</u>
W. Benjamin Woody (D.C. Bar No. 1613193)
Harman, Claytor, Corrigan & Wellman
1900 Duke Street, Suite 210
Alexandria, Virginia 22314
804-747-5200 - Phone
bwoody@hccw.com

# CERTIFICATE OF COMPLIANCE

(Fed. R. App. P. 27(d)(2)(A))

The text for the foregoing Appellee's Motion to Dismiss Appeal for Lack of Appellate Jurisdiction or, in the Alternative, Motion for Summary Affirmance was prepared using Times New Roman, 14-point font and contains 1,760 words, as counted by counsel's word processor.

                                        Respectfully Submitted,

                                        RISING STAR ENTERPRISES, LLC

                                        By Counsel

/s/ W. Benjamin Woody
W. Benjamin Woody (D.C. Bar No. 1613193)
Harman, Claytor, Corrigan & Wellman
1900 Duke Street, Suite 210
Alexandria, Virginia 22314
804-747-5200 - Phone
bwoody@hccw.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2023, I electronically filed Appellee Rising Star Enterprises, LLC's Motion to Dismiss Appeal for Lack of Appellate Jurisdiction or, in the Alternative, Motion for Summary Affirmance with the Clerk of the United States Court of Appeals for the District of Columbia Circuit by using the Court's CM/ECF system. I further certify that a copy of the foregoing was mailed via First Class Mail, postage prepaid, to the following:

        Reverend Shuntay Antonio Brown
        P.O. Box 16513
        Alexandria, Virginia 22302
        Plaintiff-Appellant *pro se*

Respectfully Submitted,

RISING STAR ENTERPRISES, LLC

By Counsel

/s/ W. Benjamin Woody
W. Benjamin Woody (D.C. Bar No. 1613193)
Harman, Claytor, Corrigan & Wellman
1900 Duke Street, Suite 210
Alexandria, Virginia 22314
804-747-5200 - Phone
bwoody@hccw.com